NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC MAURICIO FRANCO-CRUZ, | No. 24-6419 |
| Petitioner, | Agency No. A075-115-667 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2025**

Before:      CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Eric Mauricio Franco-Cruz, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

withholding of removal and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019), and review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Franco-Cruz does not challenge the BIA's conclusion that he waived review of the IJ's dispositive determination that his 1995 conviction constituted a particularly serious crime that barred him from withholding of removal, so we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Substantial evidence supports the agency's denial of CAT protection because Franco-Cruz failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

Franco-Cruz's claim that the agency violated due process by improperly discounting an expert report, failing to consider all the evidence, and not allowing him additional time to review evidence, fails because Franco-Cruz has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of

rights and prejudice."); *see also Aguilar-Ramos v. Holder*, 594 F.3d 701, 706 n.7 (9th Cir. 2010) (IJ is not required to find, based on an expert's opinion, that a petitioner would more likely than not be tortured).

In light of this disposition, we need not reach petitioner's remaining contentions regarding the merits of his claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

We do not consider the materials Franco-Cruz references in the opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**